UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARLIN LEASING CORP., et al.,      :     Hon. Joseph H. Rodriguez

         Plaintiffs,       :     Civil Action No. 13-4113

         v.       :     MEMORANDUM OPINION

ADVANCED FIRE & SECURITY, INC., et al.,  :

         Defendants.     :

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, to Transfer Venue pursuant to 28 U.S.C. §1404(a) or §1406(a) [Doc. No. 6]. Oral argument was heard on March 27, 2014 and the record of that proceeding is incorporated here. For the reasons placed on the record that day, as well as those set forth below, the motion will be granted.

## Background

Plaintiffs in this case are Marlin Leasing Corporation, a Delaware corporation authorized to do business in New Jersey, which "maintains a place of business" in Mt. Laurel, New Jersey and Marlin Business Bank, a Utah state chartered commercial bank which "maintains a place of business" in Salt Lake City, Utah. Marlin Leasing is in the business of providing commercial financing and leasing services and Marlin Business Bank is in the business of providing commercial financing.

Defendants are Advanced Security & Fire, Inc., ("ASF") an Alabama corporation which "maintains a place of business" in Huntsville, Alabama, and William Murphy, the founder & President of ASF, whose "home address" is in Alabama. ASF is in the business of selling security equipment.

According to the Amended Complaint, beginning in mid-2012, Defendants referred potential equipment lease customers to Plaintiffs, along with the customers' applications for lease financing.  Upon Plaintiffs' credit approval of the customer, Plaintiffs funded the purported purchase of equipment for each customer by paying Defendant ASF the invoiced equipment cost.  Defendants agreed to sell the specified equipment to Plaintiffs and deliver equipment to each customer, and Defendants represented that each customer would lease the specified equipment from Plaintiffs. That is, Defendants allegedly sold security equipment to Plaintiffs and arranged for Plaintiffs to lease that equipment to Defendants' equipment lease customers, with the arrangements financed by Plaintiffs in Mt. Laurel, New Jersey.

In about December of 2012, some customers, representing approximately 23 out of the 48 transactions conducted, contacted Plaintiffs with complaints that the equipment listed on the invoices sent to Plaintiffs by Defendants had never been supplied to the customers.  Plaintiffs accuse Defendants of fraud and forgeries which have resulted in damages of $780,755.81 owed to Plaintiffs.  The Amended Complaint asserts claims for Breach of Contract, Promissory Estoppel/Detrimental Reliance, Unjust Enrichment, Common Law Fraud, Negligent Misrepresentation, "Prima Facie Tort," and Tortious Interference.

<u>Discussion</u>

In the context of a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits.  <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 330 (3d Cir. 2009); <u>see also</u> <u>Time Share Vacation Club v. Atlantic Resorts, Ltd.</u>, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (explaining that, unlike a

2

motion for failure to state a claim, a plaintiff may not rely on pleadings alone for contests of personal jurisdiction).[1]

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure allows a federal district court to "exercise[ ] personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Normally, this is a two-part inquiry; there must be a state statutory basis for exercising jurisdiction over a non-resident defendant as well as a constitutional basis whereby the minimum contacts between the non-resident and the forum state satisfy due process under the Fourteenth Amendment. See Metcalfe, 566 F.3d at 330. New Jersey's long-arm rule, however, extends jurisdiction over non-resident defendants to the full extent permitted by the United States Constitution. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); see also N.J. Ct. R. 4–4(b)(1). As such, inquiry into whether personal jurisdiction exists over a non-resident defendant in New Jersey concerns only questions of due process under the Constitution. Carteret, 954 F.2d at 145.

Personal jurisdiction may be exercised under two distinct theories: general jurisdiction or specific jurisdiction. O'Connor, 496 F.3d at 317.

General personal jurisdiction exists when the evidence shows the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." Helicopteros Nacionales de Colombia. S.A. v. Hall, 466 U.S. 408, 416

---

[1] A plaintiff's burden of proof depends on whether an evidentiary hearing is held. Metcalfe, 566 F.3d at 330-31; see also Lasala v. Martin Popular Bank Pub. Co., 410 F. App'x 474, 476 (3d Cir. 2011). If a court conducts an evidentiary hearing, a plaintiff must prove personal jurisdiction by a preponderance of the evidence. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); see also Lasala, 410 Fed. App'x at 476. If no evidentiary hearing takes place, a plaintiff need only offer a prima facie case for personal jurisdiction, and a court must accept a plaintiff's allegations as true and construe disputed facts in its favor. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)).

(1984).  In other words, "the defendant has purposefully directed its activities toward residents of the forum state or otherwise purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (internal quotations and citations omitted).  General jurisdiction requires "a very high threshold of business activity."  Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am., 651 F.2d 877, 891 n.2 (3d Cir. 1981).

Plaintiffs do not offer any evidence of continuous and systematic contacts between Defendants and this forum.  They argue, however, that they are entitled to jurisdictional discovery, and that discovery may support the exercise of general personal jurisdiction.  In contrast, Defendants have offered the following uncontested statements regarding their lack of continuous and systematic contacts with the state:

> -ASF and Murphy are residents of Alabama.  Decl. of William Murphy, ¶¶ 2, 4.  They have never owned property in New Jersey.  Id. ¶ 19.

> -ASF and Murphy have conducted business in other states but never New Jersey. Decl. of William Murphy, ¶ 6.  They have never done business in New Jersey.  Id. ¶ 21.   They have never solicited or advertised for business in New Jersey.  Id. ¶ 22.  Defendant ASF installs security systems in restaurants in Alabama, as well as Ohio, Indiana, Mississippi and Louisiana, but never New Jersey.  Id. ¶ 9.

> -Defendants have no bank accounts, assets, or records in New Jersey. Decl. of William Murphy, ¶ 7.  All of Defendants' books and records are in Alabama; that is where they are used in Defendants' on-going business. Id. ¶ 24.  Defendants have never had New Jersey bank accounts.  Id. ¶ 20. They have never had a designated agent for service of process in New Jersey.  Id. ¶ 23.

> -Murphy's only time in New Jersey was for six weeks of Coast Guard boot camp in 1984 and a recreational visit with his wife to Atlantic City in 2012. Decl. of William Murphy, ¶ 8.

The Court is mindful that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."  Oppenheimer Fund,

Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978).  In this situation, however, jurisdictional discovery is not warranted.  "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained."  Toys "R" Us v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)).  While courts should generally allow jurisdictional discovery if there is the possibility that jurisdiction may exist, Plaintiffs here fail to demonstrate with any particularity that jurisdiction might exist.

Specific personal jurisdiction exists when the relationship among the forum, the defendant, and the cause of action are such that the defendant purposely avails itself of the forum's laws, the cause of action is related to or arises out of the defendant's contacts with the forum, and the defendant "should reasonably anticipate being hauled into court there."  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221-22 (3d Cir. 1992) (internal citations and quotations omitted).  In the Third Circuit, a three-part inquiry determines whether specific personal jurisdiction exists:

> First, the defendant must have purposefully directed his activities at the forum. Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations marks and citations omitted); accord O'Connor, 496 F.3d at 317.

Under the first step of the inquiry, a defendant must "purposefully avail [ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958);

accord O'Connor, 496 F.3d at 317.  Although "[p]hysical entrance is not required, . . . what is necessary is a deliberate targeting of the forum." O'Connor, 496 F.3d at 317. Accordingly, "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient." Id. (quoting Hanson, 357 U.S. at 253); see also Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 353 (D.N.J. 1998) (stating that "[a] single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state").  A single act, however, can support jurisdiction if that contact creates a substantial connection with the forum and is connected with the injury sued upon.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 n.18 (1985). Telephone calls, mail, or electronic communications sent by a defendant into the forum may also count toward minimum contacts that support jurisdiction, see Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993), but they do not trigger personal jurisdiction unless they show purposeful availment.  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3d Cir. 2003). Moreover, "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." O'Connor, 496 F.3d at 317.

Under the second step of the inquiry, a plaintiff's "claims must also 'arise out of or relate to' at least one" purposefully directed contact. O'Connor, 496 F.3d at 318 (quoting Helicopteros, 466 U.S. at 414).  For a purposefully-directed contact to arise out of or relate to a claim, the contact must not only be a but-for cause of the claim but must also be "a closer and more direct causal connection" such that "[w]ith each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations." O'Connor, 496 F.3d at 323.  The relatedness

requirement "must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations." Id.

Under the third step of the specific personal jurisdiction inquiry, a court must "consider whether the exercise of jurisdiction would otherwise comport with 'traditional notions of fair play and substantial justice.' " O'Connor, 496 F.3d at 324 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Specifically, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " O'Connor, 496 F.3d at 324 (quoting Burger King, 471 U.S. at 477).  This is a heavy burden for the defendant to meet.  Grand Entm't Grp., 988 F.2d at 483.  When considering jurisdictional reasonableness, a court considers several factors, including: (1) the burden on the defendant; (2) the plaintiff's interest in convenient and effective relief; (3) the forum's interest in adjudicating the dispute; (4) the interstate or international judicial system's interest in obtaining an efficient resolution; and (5) the procedural and substantive interests of other countries. O'Connor, 496 F.3d at 324 (internal citations omitted).

When analyzing specific personal jurisdiction in the context of contractual claims, the Court "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001). Specifically, "[i]n contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." Id. at 320 (quoting General Electric Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). Physical presence in the forum can constitute purposeful availment and as such

"[a]ctual presence during pre-contractual negotiations, performance, and resolution of post-contract difficulties is generally factored into the jurisdictional determination." General Electric, 270 F.3d at 150; see also Telcordia Tech, Inc. v. Telkoon SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006). Physical presence, however, is not determinative, given modern commercial arrangements employing mail and wire communications, and becomes less determinative where the parties have established a long-term relationship. Telcordia, 458 F.3d at 177. Moreover, who initiated the relationship is not significant "[i]n the commercial milieu"; rather "the intention to establish a common venture extending over a substantial period of time is a more important consideration." General Electric, 270 F.3d at 151. Accordingly, personal jurisdiction does not arise merely where there is a contract and "informational communications." See Remick, 238 F.3d at 256. But personal jurisdiction can arise where the non-resident defendant used mail and telephone communications to initiate the business relationship leading up to the contract, knew that the plaintiff-resident would perform contracted services in the form, sent payments to the plaintiff-resident, and engaged in extensive post-contract communications with the plaintiff. See Remick, 238 F.3d at 256–57 (also noting that agreement indicated purposeful availment by suggesting that parties were protected by the law of the forum).

Additionally, even if minimum contacts do not exist under the "traditional" test outlined above, where plaintiffs have brought intentional tort claims, the court must consider whether the so-called Calder[2] effects test "can change the outcome." IMO Indus., 155 F.3d at 259–60. Under the effects test, "an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance

---

[2] Calder v. Jones, 465 U.S. 254 (1984).

otherwise insufficient contacts with the forum such that the 'minimum contacts' prong

of the Due Process test is satisfied." Id. at 260.  To establish minimum contacts under

the Calder effects test in the Third Circuit, a plaintiff must show that:

>  (1) The defendant committed an intentional tort;
>
>  (2) The plaintiff felt the brunt of the harm in the forum such that the forum can
>  be said to be the focal point of the harm suffered by the plaintiff as a result of that
>  tort; [and]
>
>  (3) The defendant expressly aimed its tortious conduct at the forum such that the
>  forum can be said to be the focal point of the tortious activity.

Marten, 499 F.3d at 297 (citing IMO Indus., 155 F.3d at 265-66).

Under the "brunt of the harm" element, the Court of Appeals for the Third Circuit

has found that "the mere allegation that the plaintiff feels the effect of the defendant's

tortious conduct in the forum because the plaintiff is located there is insufficient to

satisfy Calder." IMO Indus., 155 F.3d at 263.

At oral argument on the motion, Plaintiffs relied heavily on the Calder effects

theory in attempt to establish minimum contacts.  Plaintiffs state that they were

defrauded of funds they had controlled in New Jersey.  In their brief, Plaintiffs also

argue that Defendants "reached out to [Plaintiffs'] New Jersey headquarters to fund

sham leases for customers that did not exist."  Pl. Br., p. 13.  Regarding Defendants'

business, they have submitted a sworn declaration stating that they did not

communicate with Plaintiffs in their regular course of business.[3]  Decl. of William

Murphy, ¶ 18.

---

[3] Rather, an intermediary company, Security Management Group (SMG), found
restaurant clients for ASF, and ASF installed the clients' security systems.  Decl. of
William Murphy, ¶ 10.  As SMG signed clients, the clients' payment funds would be
transferred to ASF, and ASF then performed work at the clients' restaurants, took its fee,
and transmitted SMG's fee to SMG.  Decl. of William Murphy, ¶¶ 12, 13.  In some
instances, the clients or SMG arranged for the clients to obtain financing through lease

There is no record evidence that Defendants "reached out" to Plaintiffs in New Jersey.  Further, the law is clear that "<u>Calder</u> did not 'carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.'"  <u>Wolstenholme v. Bartels</u>, 511 Fed. Appx. 215, 219 (3d Cir. 2013) (quoting <u>IMO Indus.</u>, 155 F.3d at 265).  In this case, Plaintiffs have not shown that Defendants expressly aimed their allegedly tortious conduct at New Jersey.  In fact, Defendants have submitted a sworn declaration stating that they did not even know that Plaintiffs are from New Jersey.  Decl. of William Murphy, ¶¶ 16, 17.

Plaintiffs have not met their burden of establishing a prima facie case that either specific or general personal jurisdiction exists over either Defendant.  Plaintiffs' bare allegations in the Amended Complaint are not sufficient to make a prima facie showing that personal jurisdiction is proper.  In the face of Defendants' jurisdictional challenge, supported by competent evidence, Plaintiffs have not supported the averments that Defendants had sufficient minimum contacts with New Jersey, nor have they provided with reasonable particularity the likely existence of the requisite contacts to warrant jurisdictional discovery.   Moreover, the Court's conclusion that it lacks personal jurisdiction makes it unnecessary to consider the alternative motion to transfer venue to the Northern District of Alabama.  The motion to dismiss will be granted.[4]

---

agreements, but Defendants maintain that they were not responsible for obtaining financing for the clients' funds.  Decl. of William Murphy, ¶¶ 14, 15.  Defendants advertised and negotiated with SMG in Alabama.  Decl. of William Murphy, ¶ 11.

[4] Of course, a dismissal for lack of personal jurisdiction is not a final judgment on the merits, which would preclude the claim in another court.  <u>Callista v. Inversora Internacional Hotelera S.A.</u>, No. 07-cv-206 (JHR), 2009 WL 137332, *1 (D.N.J. Jan. 20, 2009) (citing <u>Saudi v. Acomarit Mar. Servs., S.A.</u>, 245 F. Supp. 2d 662, 679 (E.D. Pa. 2003), aff'd 114 Fed. Appx. 449 (3d Cir. 2004)).

<u>Conclusion</u>

For the reasons set forth here, as well as those placed on the record during oral argument, Defendants' motion to dismiss will be granted.  An appropriate Order will be filed.


Dated: March 31, 2014                          <u>/s/ Joseph H. Rodriguez</u>
                                               JOSEPH H. RODRIGUEZ
                                                    U.S.D.J.

11